THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| J.S., individually and on behalf of S.S., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [30] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00480<br><br>District Judge David Barlow |

Before the court is Defendant Blue Cross Blue Shield of Illinois's ("BCBSIL") second motion to dismiss for failure to state a claim.[1] Plaintiffs J.S. and S.S. (together "Plaintiffs") brought suit against BCBSIL under the Employee Retirement Income Security Act of 1974 ("ERISA").[2] Plaintiffs contend that BCBSIL wrongly denied coverage for S.S.'s treatment at Solacium Sunrise ("Sunrise") and that BCBSIL violated the Mental Health Parity and Addiction Equity Act ("MHPAEA" or "Parity Act").[3] Having considered the briefing and relevant law, the court finds oral argument unnecessary.[4] For the reasons stated below, the court grants BCBSIL's motion.

---

[1] Def. Motion to Dismiss for Failure to State a Claim, ECF No. 30, filed Nov. 13, 2023 ("MTD").
[2] Compl., ECF No. 2, filed July 21, 2022.
[3] See 29 U.S.C. § 1001 et seq.
[4] See DUCivR 7-1(g).

1

## BACKGROUND

BCBSIL offers employee benefit plans governed by ERISA.[5] J.S. was a participant in a BCBSIL plan and S.S. was a beneficiary of the Plan during his time receiving treatment at Sunrise, a residential treatment center ("RTC").[6] Sunrise is a licensed RTC that provides treatment to adolescents with mental health, behavioral, or substance abuse problems.[7] BCBSIL denied claims for payment of S.S.'s treatment because Sunrise did not meet their definition of an RTC.[8] The Plan requires that residential treatment facilities have 24-hour nursing, which Sunrise did not offer during S.S.'s treatment.[9] Plaintiffs appealed BCBSIL's decision, arguing that Sunrise was a licensed treatment facility and that S.S.'s care should be covered.[10] BCBSIL again denied coverage because Sunrise was not an eligible provider under the Plan.[11]

Plaintiffs filed their original complaint on July 21, 2022, bringing claims for recovery of benefits under ERISA and violation of the Parity Act. BCBSIL sought to dismiss the case for failure to state a claim, arguing that Sunrise did not provide covered services under the terms of the Plan and that they complied with the Parity Act.[12] The court held a hearing on the motion on March 14, 2023, at which the court dismissed the complaint without prejudice.[13] In its oral ruling, the court found that Plaintiffs failed to state a claim for recovery of benefits because Sunrise was not a covered RTC under the Plan.[14] The court also determined that Plaintiffs had

---

[5] Amend. Compl. 1.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.* at 3.
[9] *Id.* at 6.
[10] *Id.*
[11] *Id.* at 5.
[12] Def. Mot. to Dismiss for Failure to State a Claim, ECF No. 13, filed Oct. 21, 2022.
[13] Order Granting Defendant's Motion to Dismiss, ECF No. 20, filed Mar. 14, 2023.
[14] Transcript of Oral Argument and Ruling, Defendant's Motion to Dismiss for Failure to State a Claim, held on Mar. 14, 2023, ECF No. 30-1, 25, filed Nov. 13, 2023.

not alleged a disparity in treatment coverage for S.S.'s mental health care as required by the Parity Act because analogous levels of medical or surgical care also required 24-hour nursing.[15]

Plaintiffs moved to amend their complaint on May 12, 2023.[16] Plaintiffs filed their Amended Complaint on October 5, 2023, bringing the same causes of action for recovery of benefits and violation of the Parity Act.[17] BCBSIL again moved to dismiss.[18] Plaintiffs filed their Opposition to Defendant's Motion to Dismiss on January 19, 2024.[19] Defendant filed its reply on February 21, 2024.[20]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] In deciding whether the plaintiff has adequately stated a claim for relief, the court must view "the totality of the circumstances as alleged in the complaint in the light most favorable to the plaintiff, accepting the plaintiff's well-pled facts as true and drawing all reasonable inferences in the non-moving party's favor."[23]

---

[15] *Id.* at 28.
[16] Mot. to Amend Compl., ECF No. 21, filed May 12, 2023.
[17] Amend Compl. 8, ECF No. 27, filed Oct. 5, 2023.
[18] MTD.
[19] Plaintiffs' Opp. to Def. Motion to Dismiss, ECF No. 37, filed January 19, 2024 ("Pl. Opp.").
[20] Reply in Support of Motion to Dismiss, ECF No. 43, filed Feb. 21, 2024 ("Def. Reply").
[21] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[23] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005)) (also quoting *Sylvia v. Wisler*, 875 F.3d 1307, 1313 (10th Cir. 2017)) (cleaned up).

However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[24] "A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss."[25] "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[26]

## DISCUSSION

Plaintiffs argue they have stated a plausible claim under both statutes, but concede that without their MHPAEA cause of action, their ERISA cause of action likely fails.[27] Accordingly, the court first addresses the MHPAEA claim.

### I. MHPAEA Claims

The Parity Act "requires that a plan that provides for both medical and surgical benefits and mental health or substance use disorder benefits must not impose more restrictive treatment limitations on the latter than it imposes on the former."[28] "A comparison of treatment limitations under MHPAEA must be between mental health/substance abuse and medical/surgical care in the same classification."[29] Federal rules identify RTC, Skilled Nursing Facilities ("SNF"), and Inpatient Rehabilitation Facilities ("IRF") as comparable intermediate services.[30]

---

[24] *Iqbal*, 556 U.S at 678.
[25] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[26] *Id.*
[27] Pl. Opp. 2.
[28] *Jonathan Z. v. Oxford Health Plans*, No. 2:18-CV-00383-JNP-JCB, 2022 WL 2528362, at *17 (D. Utah 2022) (citing 29 U.S.C. § 1185a(a)(3)(A)) (internal quotation marks removed).
[29] *Peter M. v. Aetna Health & Life Ins. Co.*, 554 F. Supp. 3d 1216, 1226 (D. Utah 2021) (internal quotation marks omitted).
[30] 29 C.F.R. § 2590.712.

4

The Tenth Circuit has not defined the elements of a MHPAEA claim. District courts have applied both three-part and four-part tests.[31] Here, Plaintiffs propose the following four-part test, which is the same test the Tenth Circuit applied with the parties' agreement in a recent decision:[32]

(1) Plaintiffs must plausibly allege that the relevant group health plan is subject to MHPAEA;
(2) identify a specific treatment limitation on mental health or substance-use disorder benefits covered by the plan;
(3) identify medical or surgical care covered by the plan that is analogous to the mental health or substance-use disorder care for which the plaintiffs seek benefits; and
(4) plausibly allege a disparity between the treatment limitation on mental health or substance-use disorder benefits as compared to the limitations that defendants would apply to the medical or surgical analog.[33]

Defendants respond that this test fails to consider MHPAEA's Non-Quantitative Treatment Limitation ("NQTL") rules.[34] Because it would not change the result, the court does not consider this argument. Instead, the court applies the test proposed by the Plaintiffs.

Plaintiffs allege essentially the same two MHPAEA violations as in their original complaint, bringing facial and as-applied claims. Plaintiffs have plausibly alleged the first three required elements for both of their MHPAEA claims. The parties do not dispute that the Plan is subject to MHPAEA.[35] Next, Plaintiffs have identified the 24-hour nursing requirement as a

---

[31] *See David P. v. United Healthcare Ins. Co.*, No. 2:19-CV-00225-JNP-PMW, 2020 WL 607620, at *15 (D. Utah 2020) (applying three-part test), *Annemarie O. v. United Healthcare Ins. Co.*, No. 1:20-CV-164 TS, 2021 WL 2532947, at *2 (D. Utah 2021) (applying three-part test); *cf. Michael D. v. Anthem Health Plans of Kentucky, Inc.*, 369 F. Supp. 3d 1159, 1174 (D. Utah 2019) (quoting *A.H. by & through G.H. v. Microsoft Corp. Welfare Plan*, No. C17-1889-JCC, 2018 WL 2684387, at *6 (W.D. Wash. 2018)) (applying four-part test).
[32] Pl. Opp. 5; *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1281 (10th Cir. 2023) (applying four-part test as agreed to by the parties at oral argument).
[33] *See E.W.* 86 F.4th at 1283 (10th Cir. 2023) (applying MHPAEA test that parties had agreed to without adopting it for all purposes).
[34] Def. Reply 2.
[35] Amend. Compl. 2; Def. MTD 11.

specific treatment limitation on RTC benefits that are covered by the plan.[36] Plaintiffs have also identified skilled nursing facilities as the analogous medical or surgical services to the RTC care for which they seek benefits.[37] Therefore, both of Plaintiffs' claims are evaluated on the fourth factor—whether they have plausibly alleged a prohibited disparity between the treatment limitation on RTC benefits as compared to the limitations that BCBSIL would apply to skilled nursing. The court first addresses the facial challenge, then the as-applied challenge.

### A. Facial Violation

Plaintiffs argue the Plan facially violates MHPAEA because it requires RTCs to have 24-hour nursing, which they claim is more restrictive than the requirements for skilled nursing facilities.[38] Defendants respond that these analogous forms of medical treatment also have 24-hour nursing requirements, so the coverage standards are in parity.[39]

The Parity Act requires that health plans that provide coverage for mental health services must be "no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health."[40] "A facial

---

[36] Amend. Compl. ¶ 54. Plaintiffs also cite the Plan definitions for SNF and RTC at length and then assert "the facial disparity between the two definitions is apparent and goes far beyond the single additional requirement." Opp'n 8. That generic statement does not identify a specific treatment limitation and is at most a suggestion of some other argument that is not made or developed.

[37] *Id*. The Amended Complaint alleges RTC care is analogous to SNF and inpatient rehabilitation facilities, but Plaintiffs only argue that RTC care and SNF care are comparable. *See, e.g.,* Amended Compl. ¶ 53; Pl. Opp. 3 (supplying plan term for skilled nursing facility but not for inpatient rehabilitation facility), 7–8 (comparing RTC plan definition with SNF definition, omitting comparison to inpatient rehabilitation facilities). Regardless, Utah law requires 24-hour nursing for inpatient rehabilitation facilities. *See* U.A.C. R432-103-8 (1)(c), U.A.C. R432-100-14(2) (rehabilitation "licensee shall ensure qualified registered nurses are on duty 24 hours per day) According, the analysis and the result are the same for both SNF and inpatient rehabilitation facilities on this record.

[38] Amend. Compl. ¶ 54.

[39] MTD 14.

[40] 29 U.S.C. § 1185(a)(3)(iii).

6

challenge focuses on the terms of the plan. . . A plaintiff must identify an express limitation on benefits for mental health or substance use disorder treatment and demonstrate a disparity compared to benefits for the relevant medical or surgical analogue."[41] Some differences between mental health and medical surgical requirements are "not necessarily an improper limitation on mental health care, but [a] recognition of the inherent difference in treatment at those facilities."[42] Furthermore, "a plan does not violate the Parity Act by expressly requiring certain requirements for mental health treatment when those same requirements are mandated by state licensing for analogous medical services."[43]

The Plan defines SNFs as institutions that provide rehabilitative care and are licensed by the appropriate governmental authority, while RTCs are defined as facilities that must be licensed by the state where it is located, meet credentialing requirements, and medically monitor patients with 24-hour nursing.[44] Plaintiffs claim there is a facial disparity because these terms purportedly require more from RTC providers than SNF providers.[45] No so. Both require 24-hour nursing; for SNFs this requirement is incorporated by the governmental licensing authority term as Utah law requires 24-hour nursing for SNF licensure,[46] while for RTCs this requirement

---

[41] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1284 (10th Cir. 2023) (citing *Jeff N. v. United HealthCare Ins. Co.*, No. 2:18-CV-00710-DN-CMR, 2019 WL 4736920, at *3 (D. Utah 2019)) (cleaned up).
[42] *Michael P. v. Aetna Life Ins. Co.*, No. 2:16-CV-00439-DS, 2017 WL 4011153, at *7 (D. Utah 2017) (holding that plan was compliant with Parity Act and granting summary judgment for defendants).
[43] *C.B. v. Blue Cross & Blue Shield of Illinois*, No. 23-CV-01206, 2024 WL 1003687, at *2 (N.D. Ill. 2024) (Plaintiff failed to plausibly allege that difference in Plan's requirements for RTCs and SNFs violated the Parity Act); *D.B. on behalf of A.B. v. United Healthcare Ins. Co.*, No. 1:21-CV-00098-BSJ, 2023 WL 3766102, at *5 (D. Utah 2023) (24-hour onsite nursing requirement, while not expressly stated in plan, was incorporated into plan, therefore there was no disparity in treatment); *J.W. v. BlueCross BlueShield of Texas*, No. 1:21-CV-21, 2022 WL 2905657, at *6 (D. Utah 2022) (citing 29 C.F.R. § 2590.712(c)(4)(iii) (Example 7)) (upholding 24-hour nursing requirement for mental health treatment where analogous medical treatments did not explicitly require 24-hour nursing, but required compliance with statutes that required 24-hour nursing).
[44] Pl. Opp. 7–8; Utah Code Ann. § 26B-2-101 *et seq.*
[45] Pl. Opp. 8.
[46] U.A.C. R432-150-5(3) (Utah Administrative Code states that skilled nursing facility "shall provide 24-hour licensed nursing services" and "ensure nursing staff are present on the premises 24 hours a day").

is included expressly in the Plan terms.[47] Therefore, the 24-hour nursing requirement applies to both RTC and SNF care, and there is no plausible facial violation of the Parity Act.

Plaintiffs try to overcome this symmetry between plan terms by arguing that governing regulations for SNF care require 24-hour nursing while regulations for RTC care do not, resulting in a disparity in coverage.[48] They argue that by using regulations to set the standard for SNF care but requiring more than the regulations for RTC care, BCBSIL is treating the two comparable forms of care differently. However, unlike SNF care, which has an extensive federal regulatory and licensing scheme,[49] there are no federal regulations for RTC care.[50] In other words, BCBSIL cannot rely on federal regulations when drafting its definitions for RTCs and may incorporate analogous SNF requirements, including the 24-hour nursing requirement, so long as it is not treating mental health claims more restrictively than medical claims. Here, BCBSIL does not provide more coverage for medical services by relying on federal regulations or state legal requirements for SNF care and holding RTC care to the same standard as regards 24-hour nursing. Accordingly, Plaintiffs have not plausibly pled that the Plan facially violated the Parity Act.

Plaintiffs next argue that BCBSIL violated the Parity Act because the 24-hour nursing requirement is medically unnecessary and falls outside the generally accepted standard of care (GASC) for RTCs.[51] They refer to an expert opinion produced in another case that allegedly

---

[47] Pl. Opp. 7–8.
[48] Pl. Opp. 11.
[49] 42 U.S.C. § 1395i-3.
[50] Def. Reply 4.
[51] Pl. Opp. 12. Although the court is usually bound to consider only the complaint itself, it may "consider a document outside the four corners of a complaint in deciding a Rule 12(b)(6) motion if the document is (1) central to the plaintiff's claim, (2) referred to in the complaint, and (3) free of any genuine dispute over its authenticity." *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1131 (10th Cir. 2024) (quoting

states that requiring RTCs to have 24-hour onsite nursing violates GASC for RTCs.[52] Plaintiffs also rely on the Principles of Care for Treatment of Children and Adolescents with Mental Illnesses in Residential Treatment Centers published by the American Academy of Children and Adolescent Psychiatry ("AACAP GASC") to establish the standard of care.[53]

Assuming for the sake of argument the claim that the 24-hour nursing requirement is more demanding than the GASC, it still does not plausibly suggest that BCBSIL violated the Parity Act. The Parity Act requires mental health claims be covered no more restrictively than comparable medical or surgical claims, not that all coverage must follow parties' positions about generally accepted standards of care.[54] There is parity in the requirements for SNFs and RTCs under the Plan; whether the Plan follows Plaintiffs' proposed GASC for RTCs is irrelevant. Furthermore, the AACAP GASC, which Plaintiffs rely on to establish the standard of care,[55] lists 24-hour nursing as one of the ways an RTC can satisfy the GASC.[56] Therefore, Plaintiffs have not plausibly pled that the 24-hour nursing requirement amounts to a facial Parity Act violation.[57]

---

*Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005)) (cleaned up). The AACAP GASC is relied on by both parties and thus meets this standard. *See* Pl. Opp. 12, Def. Rep. 1. Defendants question the content of the expert report, but do not dispute its authenticity. Def. Rep. 8. Accordingly, both documents are considered.

[52] *Id.* Plaintiffs stated they attached a copy of the report to their Amended Complaint but did not actually submit any attachments.

[53] Amend. Compl. 11.

[54] *R.J. v. BlueCross BlueShield of Texas*, No. 23-CV-00177-PAB-STV, 2024 WL 1257524, at *8 (D. Colo. 2024) (granting defendants motion to dismiss because "There is nothing in the complaint asserting that benefits are available for analogous medical care in the absence of the 24-hour onsite nursing services required at residential treatment facilities."); *J.W. v. BlueCross BlueShield of Texas*, No. 1:21-cv-21, 2022 WL 2905657, at *5 (D. Utah 2022) (deviation from generally accepted standards or more stringent application of medical necessity criteria to mental health claims irrelevant when denials were related to preauthorization and where the treatment took place).

[55] Amend. Compl. 11.

[56] AACAP GASC 3, ECF No. 43-2, filed Feb. 21, 2024.

[57] *See M.P. v. BlueCross BlueShield of Illinois*, No. 2:23-cv-216-TC, 2023 WL 8481410, at *4 (D. Utah 2023) (Relying on defendant's principles of care developed by AACAP for proposition that 24-hour nursing requirement is "at least consistent with such generally accepted practices."); *C.B. v. Blue Cross & Blue Shield of Illinois*, No. 23-

### B. As-Applied Violation

Plaintiffs also claim that BCBSIL has violated the Parity Act as applied to them, alleging that the application of the 24-hour nursing requirement disproportionately limits RTC care and increases costs.[58] BCBSIL responds that the 24-hour nursing requirement cannot establish an as-applied violation.[59]

A plan may violate the Parity Act either as written or "in operation."[60] "Even if plaintiffs do not plead a plausible facial Parity Act challenge to an insurance plan on its own terms, they may instead allege that the plan as applied by the insurance administrator violates the Parity Act."[61] "In an as-applied challenge, a plaintiff must plausibly allege that a 'defendant differentially applies a facially neutral plan term.'"[62]

Here, Plaintiffs have not done so. The Amended Complaint does not plausibly plead that BCBSIL applies a facially neutral plan term (the 24-hour nursing care requirement) differently for RTC and SNF. Instead, Plaintiffs rely on the same allegations for their as-applied challenge as their facial challenge. They argue the 24-hour nursing requirement exceeds statutory and accreditation requirements for RTC care, which limits the RTCs BCBSIL will cover and increases the costs for care.[63] But these are not fact allegations about BCBSIL's differential

---

CV-01206, 2024 WL 1003687, at *2 (N.D. Ill. 2024) (granting defendant's motion to dismiss on Parity Act claim because 24-hour nursing requirement for Sunrise conformed to GASC set out by AACAP).
[58] Pl. Opp. 14. Plaintiffs have dropped the medical necessity criteria argument put forward in their Amended Complaint at ¶ 68–69. *See* Pl. Opp. 17–18.
[59] Def. Rep. 6.
[60] 29 C.F.R. § 2590.712 (c)(4)(i).
[61] *Michael W. v. United Behav. Health*, 420 F. Supp. 3d 1207, 1235 (D. Utah 2019) (italics removed).
[62] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1284 (10th Cir. 2023) (quoting *Jeff N. v. United HealthCare Ins. Co.*, No. 2:18-cv-00710, 2019 WL 4736920, at *3 (D. Utah. 2019)).
[63] Pl. Opp. 14.

application of a plan term. They are arguments about the effects of including this requirement in the Plan at all.

As with their facial challenge, Plaintiffs have failed to state a plausible claim. Plaintiffs have not plausibly alleged that BCBSIL violated the Parity Act by writing a plan with similar requirements for mental health and medical care and then enforcing those parallel requirements, even if this enforcement potentially reduces the number of covered RTCs. The Act requires parity in treatment coverage, not in possible effects on the number of facilities that might be covered. Therefore, Plaintiffs have failed to plead a disparity in benefits between mental health care and relevant medical or surgical care under the Plan.

Plaintiffs also compare the 24-hour nursing requirement for RTCs to a hypothetical requirement that SNFs have a 24-hour psychiatrist requirement to claim that the RTC requirements are not in parity with SNF requirements.[64] This conclusory statement inverts the standard for an as-applied claim, essentially arguing that because RTCs and SNFs have the same requirement, BCBSIL violated the Parity Act. The Plan follows federal regulations and state law for SNF care and uses the same 24-hour hour nursing requirement for RTC care; Plaintiffs cannot establish a Parity Act violation by claiming the Plan should require more of SNFs. And, in any event, the hypothetical is not relevant to whether the factual allegations of the Amended Complaint state a claim. Parity Act claims are not exercises in hypotheticals, but rather must be based on sufficient well-pleaded facts that they become plausible, not merely conceptually possible if the facts were different.

---

[64] Pl. Opp. 15.

11

Viewing the well-pleaded fact allegations of the Amended Complaint in the light most favorable to Plaintiffs, Plaintiffs have not plausibly pled that BCBSIL violated the Parity Act on its face or as applied to Plaintiffs. Accordingly, BCBSIL's motion to dismiss the Parity Act claims is granted.

## II.  ERISA Claim

Plaintiffs additionally allege that BCBSIL improperly denied coverage for S.S.'s treatment in violation of ERISA.[65] They argue that the 24-hour nursing requirement cannot be enforced, and without it BCBSIL has not offered a rationale for denying coverage.[66] BCBSIL argues that S.S.'s treatment was not covered under the terms of the Plan because it took place at an RTC that did not provide 24-hour nursing, so it did not violate ERISA by denying coverage.[67]

ERISA provides a private cause of action when a participant or beneficiary has been denied "benefits due to him under the terms of his plan."[68] "The statute makes clear that claims brought under ERISA to recover benefits depend entirely on the 'terms of the plan.' It follows that if the benefits in question do not arise under the terms of the plan, the plaintiff has no claim under this subsection."[69] To state a plausible claim for benefits under ERISA, a plaintiff must "allege sufficient facts to allow the court to reasonably infer that the terms of the plan require additional benefits to be paid."[70]

---

[65] Amend. Compl. ¶¶ 41–48.
[66] Pl. Opp. 15.
[67] MTD 7.
[68] 29 U.S.C.A. § 1132 (a)(1)(B).
[69] *IHC Health Serv., Inc. v. Cent. States, Se. & Sw. Areas Health & Welfare Fund*, No. 217CV01327JNPBCW, 2018 WL 3756959, at *3 (D. Utah 2018) (citing 29 U.S.C.A. § 1132 (a)(1)(B)) (also citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[70] *Id.*

The Plan requires RTCs to provide 24-hour nursing to be eligible for coverage. At the relevant time, it is undisputed that Sunrise did not provide 24-hour nursing. Accordingly, the Plan did not cover RTC care at Sunrise. Plaintiffs essentially concede this, acknowledging that without the Parity Act claim, their ERISA cause of action fails.[71] As established above, Plaintiffs have failed to state a plausible claim under the Parity Act; therefore, their ERISA claim fails as well.

Based on the foregoing, Plaintiffs' Amended Complaint is dismissed with prejudice. Dismissal with prejudice "is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[72] The court has previously dismissed Plaintiffs' complaint without prejudice and granted them leave to replead.[73] The Amended Complaint contains only modest changes in the facts from the original Complaint. It is now clear that Plaintiffs are not able to state a plausible claim, and while they resist dismissal, they make no argument for yet another chance to amend. Because further amendment would be futile, the court dismisses the complaint with prejudice.

---

[71] Pl. Opp. 2, 15.
[72] *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (quoting *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1191 (10th Cir. 2014)) (italics removed).
[73] Docket Text Order Grating Plaintiffs' Motion to Amend Complaint, ECF No. 26, filed Oct. 4, 2023.

## ORDER

Accordingly, Defendant's motion to dismiss for failure to state a claim is GRANTED.[74]

Plaintiffs' Amended Complaint is dismissed with prejudice.

Signed September 26, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[74] ECF 30.